UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PRATT, | No. C-11-3503 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS** |
| ASBESTOS CORP. LTD, *et al.*, | |
| Defendants. | **(Docket Nos. 25, 20)** |
| _____/ | |

Pending before the Court is Plaintiff's Motion to Remand, Docket No. 25, and Defendant Lehigh Hanson's Motion to Dismiss for lack of personal jurisdiction, Docket No. 20. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand and DENIES Defendant's motion to dismiss as moot.

## I. Factual Background

Plaintiff Paul Pratt filed his complaint, Docket No. 1-2, in June of 2009 in the San Francisco Superior Court, alleging that he has suffered asbestos-related injuries as a result of his exposure to asbestos over the course of decades beginning in 1937. *See* Compl. Exh. A. He was diagnosed with asbestosis and other asbestos-related conditions in October 2008. *Id.* Plaintiff asserts twenty-one causes of action against dozens of defendants and their alternate entities. On June 14, 2011, Plaintiff amended his complaint in state court adding Defendant Foster Wheeler (FW). FW removed to federal court on July 18, 2011, on the grounds that in manufacturing marine boilers on the USS

Bradley, it was acting under an officer or agency of the United States as defined in 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Docket No. 1 ¶ 2.

## II. Motion to Remand

Plaintiff argues that because he has filed a waiver of all claims against FW relating to any exposure that occurred at government sites and on Navy vessels, *see* Docket No. 9, FW has no basis to assert federal jurisdiction. Mot. at 1. The Court agrees.

Defendant FW's opposition to the motion for remand is premised entirely on its assumption, without support, that Plaintiff's waiver is incomplete and that FW's conduct with respect to the Navy's vessels is still relevant to this action. *See* Opp. at 4-6. However, at least four cases in the Northern District alone have found waivers virtually identical to Plaintiff's to be sufficient to divest the court of federal jurisdiction. *See Westbrook v. Asbestos Defendants* (BHC), No. C-01-1661 VRW, 2001 WL 902642, at *3 (N.D. Cal. July 31, 2001) ("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand."); *Dobrocke v. Allis Chalmers Corp. Prod. Liab. Trust*, No. C 09-01456 CW, 2009 WL 1464153, at *4 (N.D. Cal. May 26, 2009); *Madden v. A.H. Voss Co.*, No. C. 09-3786 JSW, 2009 U.S. Dist. LEXIS 101680, at *8 (N.D. Cal. Oct. 21, 2009); *Ball v. Asbestos Defendants*, No. C 094929 PJH, at * (N.D. Cal. Jan. 22, 2010). Because Plaintiff no longer asserts any claims against which FW could raise the federal officer defense, this Court no longer has jurisdiction.

*Ballenger v. Agco Corp.*, No. C 06-2271 CW, 2007 WL 1813821 (N.D. Cal. June 22, 2007), cited by FW, is easily distinguishable because in *Ballenger*, the plaintiff waived only its federal claims, but still sought to assert state law claims arising out if his work on Navy ships. Judge Wilken distinguished *Westbrook*—in which Judge Walker had granted remand—by noting that in *Westbrook*, "unlike [in *Ballenger*], the plaintiffs disclaimed, in writing, any claims arising out of work done on U.S. Navy vessels." *Id*. At *1 n.2. When faced with a waiver akin to Plaintiff's here, in *Dobrocke*, Judge Wilken found that remand was appropriate. 2009 WL 1464153 at *4 (remanding where "Plaintiffs have expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels."). *Ballenger* is thus

2

inapposite. The other cases on which Defendant relies similarly considered different waivers, in which plaintiffs attempted to plead around the officer removal statute by waiving only federal claims, rather than waiving all claims "arising out of plaintiff's asbestos exposure at military and federal government jobsites *and aboard U.S. Navy vessels*." Docket No. 9 (emphasis added); *see, e.g.*, *Wright v. Foster Wheeler*, C07-5403 MJJ (N.D. Cal. Feb. 25, 2008) (denying motion to remand where plaintiff's sought to assert claims arising out of asbestos exposure on military vessels only based on state law duty to warn); *Oberstar v. CBS Corp.*, No. CV 08-118 PA (JWJx), 2008 U.S. Dist. LEXIS 14023, at *8 (C.D. Cal. Feb. 11, 2008) ("Unlike in *Westbrook*, Plaintiffs here have not disclaimed claims against defendants arising out of exposure occurring on Navy vessels."); *Nelson v. Foster Wheeler*, No. CV 07-8338 VBF (RCx), (C.D. Cal. Feb. 8, 2008) (denying motion to remand where plaintiff continued to assert duty to warn claims based on exposure on Navy ships); *see also* Opp. At 7-10 (reciting other cases with less comprehensive waivers). FW makes no attempt to distinguish the cases on which Plaintiff relies, which contain waivers just like Plaintiff's in the instant case.

FW argues that even if Plaintiff's claims raise no federal question on their own, it may still assert federal defenses which entitle it to removal. *See* Opp. at 10 (citing *Carroll v. Buffalo Pumps, Inc.*, No. 08-707 WWE, 2008 WL 4793725 (D. Conn. Oct. 27, 2008) (removal is proper where defendant can raise federal officer defense); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 54 n.6 (D. Mass. 2008) (same); *Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008) (same)). However, this argument misses the point, as Plaintiff's waiver has rendered any federal defenses moot. There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims. *Cf. Reaser v. Allis Chambers Corp.*, No. CV 08-1296-SVW (SSx), 2008 U.S. Dist. LEXIS 112344, at *18-19 (C.D. Cal. June 23, 2008) ("[U]nlike in the present case, the parties in *Westbroo*k had no need to litigate any issue resembling the federal contractor defense in order to determine the applicability of the plaintiffs' disclaimer."). Plaintiff's waiver is equally as comprehensive as that in *Westbrook*.

FW also raises the specter of potential cross-claims against it that would raise federal questions, or of Plaintiff's potential attempt, notwithstanding his waiver, to assert claims against

which FW would have federal defenses once the case is remanded to state court. However, as Plaintiff concedes, "[s]hould there be such a cross-claim in the future, Foster Wheeler retains the ability to remove that claim to federal court." *See* Reply at 3 n.1. Moreover, if Plaintiff later attempts to reverse course, and is allowed to do so by the state court despite his express waiver, Foster Wheeler can file for removal once again.

### III. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion and REMANDS this action to state court. The Court also DENIES Defendant Lehigh Hanson's motion to dismiss for lack of personal jurisdiction as moot.

This order disposes of Docket Nos. 20, 25.

IT IS SO ORDERED.

Dated: September 22, 2011

_____
EDWARD M. CHEN
United States District Judge